1    **WO**

2

3

4

5

6                     IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9    Kathy Grismore,                    )    No. CV-05-2094-PHX-JAT
                                         )
10                Plaintiff,             )    **ORDER**
                                         )
11   vs.                                 )
                                         )
12                                       )
     United Recovery Systems, L.P.,      )
13                                       )
                  Defendant.             )
14                                       )
                                         )
15   _____

16          Pending before this Court is Defendant's Motion to Dismiss and/or for Summary

17   Judgment (Doc. # 40),[1] Plaintiff's Motion for Partial Summary Judgment (Doc. 44), and

18   Defendant's Cross-Motion for Summary Judgment (Doc. # 53).  The Court now rules on

19   these motions.

20   **I.       FACTUAL AND PROCEDURAL BACKGROUND**

21          The relevant factual and procedural background, for purposes of this Order, is

22   summarized herein.  Plaintiff, Kathy Grismore, is a natural person residing in Mesa, Arizona.

23   Defendant, United Recovery Systems, L.P., is a Texas corporation engaged in collecting

24   debts for customers, including Capital One.

25   _____

26          [1] The Court finds it necessary to clarify the numeration of the pleadings.  Defendant's
     Motion was initially filed on January 26, 2006 as Doc. # 29, and mailed to Plaintiff.
27   However, Defendant did not properly upload the Motion to the docketing system, and later
     refiled the same document at Doc. # 40.  Having received the January 26 Motion in the mail,
28   Plaintiff timely responded to Defendant's Motion on February 7, 2006.  (Doc. # 33).

1    Prior to November 2002, Plaintiff applied for and received a credit card from Capital
2    One.  The parties dispute whether the account was in the name Blacque Enterprises, Inc.,
3    Kathy Grismore, or Blacque Enterprises, Inc./Kathy Grismore.  However, it is undisputed
4    that Plaintiff was the sole user of the Capital One credit card.  On September 24, 2004,
5    Defendant placed an inquiry on Plaintiff's Experian credit report regarding an unpaid debt
6    on the Capital One account.  Defendant sent Plaintiff a letter concerning the aforementioned
7    debt on September 28, 2004, and began calling Plaintiff on the telephone.  On December 1,
8    2004, Defendant allegedly told Plaintiff that the debt was going into legal status; however,
9    Defendant denies and disputes this allegation.  On December 8, 2004, Defendant received
10   a letter from Plaintiff demanding that Defendant cease and desist communications with her.
11   Defendant did not contact Plaintiff after receiving the demand letter.

12   On July 15, 2005, Plaintiff filed a Complaint in the United States District Court for
13   the District of Arizona.  The Court issued a scheduling order pursuant to Rule 16 of the
14   Federal Rules of Civil Procedure, and ordered discovery completed by March 15, 2006 and
15   dispositive motions filed by April 14, 2006.  On December 30, 2005, Plaintiff filed a First
16   Amended Complaint alleging violations of the Fair Debt Collection Practices Act
17   ("FDCPA"), 15 U.S.C. § 1692; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681;
18   the Arizona Fair Credit Reporting Act, Ariz. Rev. Stat. § 44-1695; and Arizona Collection
19   Agency Regulations, Ariz .Rev. Stat. §§ 32-1051, 32-1055 and Ariz. Admin. Code §§ R20-4-
20   1504 to 1521.  Plaintiff seeks damages for defamation of character, actual and real damages,
21   statutory damages, punitive damages, and attorneys' fees and costs.

22   Defendant filed the currently pending Motion to Dismiss and/or for Summary
23   Judgment on January 1, 2006.  Defendant argues that Plaintiff is unable to support the
24   allegations made in her First Amended Complaint in either fact or law, and moves for
25   judgment in Defendant's favor on Counts 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17,
26   18, 19, 20, 21, and paragraphs 29, 30, and 32 of Count 1.  Plaintiff filed an Opposition to
27   Defendant's Motion, and Defendant filed a Reply in support of the Motion.

28

On February 28, 2006, Plaintiff filed the currently pending Motion for Partial Summary Judgment as to Liability.  Plaintiff also filed a Statement of Facts and a Personal Statement of Facts.  Plaintiff moves for partial summary judgment on the issue of whether Defendant is liable for violations of the FDCPA and related state law claims.  Defendant responded by filing an Opposition to Plaintiff's Motion, a Statement of Facts, an Opposition to Plaintiff's Separate Statement of Facts, and the currently pending Cross-Motion for Summary Judgment.  Defendant cross-moves on the issue of whether the debt is subject to the FDCPA.  Plaintiff responded to Defendant's Cross-Motion, and Defendant filed a Reply in support of the Cross-Motion.

## II.  DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

Pursuant to Rule 12(b)(6) and/or Rule 56 of the Federal Rules of Civil Procedure, Defendant moves for dismissal or judgment on all but one of Plaintiff's allegations. Defendant requests the Court convert the Motion to Dismiss under Rule 12(b)(6) to a Motion for Summary Judgment under Rule 56.  Because Plaintiff has not objected to summary judgment before the completion of discovery, and submitted an affidavit and exhibits in her Response to Defendant's Motion (Doc. # 33), the Court finds Plaintiff sufficiently on notice of a Rule 56 motion for summary judgment.[2]  Therefore, the Court will convert Defendant's Motion to Dismiss and/or for Summary Judgment into a Motion for Summary Judgment.

### A.  Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Further, summary judgment "may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." *Id.*  Thus, summary judgment is mandated "against a party who fails to make a showing

---

[2]  Further, Plaintiff has filed her own motion for summary judgment, as well as two separate statements of fact.

1   sufficient to establish the existence of an element essential to that party's case, and on which

2   that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

3   (1986).

4          Initially, the movant bears the burden of pointing out to the Court the basis for the

5   motion and the elements of the causes of action upon which the non-movant will be unable

6   to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-

7   movant to establish the existence of material fact. *Id.* The non-movant "must do more than

8   simply show that there is some metaphysical doubt as to the material facts" by "com[ing]

9   forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec.*

10  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P.

11  56(e)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury

12  could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477

13  U.S. 242, 248 (1986). The non-movant's bare assertions, standing alone, are insufficient to

14  create a material issue of fact and defeat a motion for summary judgment. *Id.* at 247-48.

15  However, in the summary judgment context, the Court construes all disputed facts in the light

16  most favorable to the non-moving party. *See Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th

17  Cir. 2004) (citing *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir.

18  2001)).

19          **B.      Discussion**

20          Defendant's Motion for Summary Judgment is arranged according to the statutes

21  under which violations are alleged. For purposes of convenience and judicial efficiency, the

22  Court will consider the merits of this Motion for Summary Judgment in the same manner.

23          **1.      Counts 6, 8, 12, 14, and 18 of the First Amended Complaint**

24          In Counts 6, 8, 12, 14, and 18 of her First Amended Complaint, Plaintiff alleges that

25  Defendant violated 15 U.S.C. § 1681s-2(a) of the FCRA by failing to furnish accurate

26  information to credit reporting agencies. The FCRA imposes civil liability on any person

27  who willfully or negligently fails to comply with the FCRA's requirements with respect to

28  any consumer. *See* 15 U.S.C. §§ 1681n and 1681o. However, no private right of action

exists for failure to report accurate information to a credit reporting agency under 15 U.S.C. § 1681s-2(a).  *See* 15 U.S.C. § 1681s-2(c) ("[S]ection 1681n and 1681o of this title to not apply to any violation of subsection (a) of this section, including any regulations thereunder"); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) ("Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished.  Hence, Congress limited the enforcement of the duties imposed by § 1681s-2(a) to governmental bodies"); *see also Gordon v. Greenpoint Credit*, 266 F. Supp. 2d 1007, 1010 (S.D. Iowa 2003) ("The FCRA, however, expressly excludes § 1681s-2(a) from the purview of §§ 1681n and 1681o, instead leaving enforcement of § 1681s-2(a) to the Federal and State agencies and officials identified in § 1681s").

The statute explicitly excludes a private right of action for furnishing inaccurate information, and Plaintiff is clearly not the government body charged with enforcing violations of 15 U.S.C. § 1681s-2(a).  For the reasons stated above, even if Defendant did furnish inaccurate information to credit reporting agencies, Plaintiff cannot successfully allege causes of actions against Defendant under 15 U.S.C. § 1681s-2(a) of the FCRA.  Therefore, the Court finds that summary judgment must be granted in favor of Defendant on Counts 6, 8, 12, 14, and 18.

### 2. Counts 3, 4, 9, 10, 11, 15, 16, and 17 of the First Amended Complaint.

In Counts 3, 4, 9, 10, 11, 15, 16, and 17 of her First Amended Complaint, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e of the FDCPA by furnishing false credit information to credit reporting agencies.  Defendant contends that it is not a furnisher of information, and does not report to credit reporting agencies.  In support of this contention, Defendant submits the affidavit of Michael Strachan, Defendant's General Counsel, which states that Defendant does not furnish data or report account information to credit reporting

1    agencies.  Plaintiff does not provide any evidence to the contrary.[3]  Moreover, Plaintiff's

2    credit report fails to show a tradeline initiated by Defendant.[4]

3         Because Defendant does not report to credit reporting agencies and all of the credit

4    reports indicated that the reporting entity is not Defendant, Plaintiff's allegations that

5    Defendant violated the FDCPA by providing false information to credit reporting agencies

6    cannot prevail.  Plaintiff has failed to come forward with specific facts showing that

7    Defendant furnished false credit information; therefore, the Court finds that Plaintiff has not

8    met her burden of establishing a genuine issue of material fact to defeat summary judgment.

9    For the reasons stated above, the Court finds that no reasonable jury could find for Plaintiff,

10   and directs judgment in Defendant's favor on Counts 3, 4, 9, 10, 11, 15, 16, and 17.

11        **3.**        **Counts 7, 13, 19, and 21 of the First Amended Complaint**

12        In Counts 7, 13, 19, and 21 of her First Amended Complaint, Plaintiff claims that

13   Defendant used a business, company, or organization name other than Defendant's true name

14   in violation of 15 U.S.C. § 1692e(14) of the FDCPA.  Defendant contends that it does not

15   do business in any name other than its own, and submits an affidavit to support this

16   contention.  Moreover, Plaintiff does not offer credible evidence in support of her allegation.

17   Plaintiff refers to Exhibit 10 of her First Amended Complaint, which is a letter sent from

18   Capital One to Blacque Enterprises.  Defendant denies sending the letter, and Plaintiff does

19   not provide evidence to the contrary.  The Court finds that there is no genuine issue as to any

20   material fact under Counts 7, 13, 19, and 21.  Therefore, Defendant is entitled to a judgment

21

22        [3] The credit reports indicate that the furnisher of the information is Capital One, not

23   Defendant.  Further, Plaintiff is engaged in litigation with Capital One claiming that Capital

24   One provided the same false information to the credit reporting agencies as is alleged of
     Defendant.  *See* CV-05-2460-PHX-SMM.

25        [4] On a consumer credit report, a tradeline describes the consumer's account status and

26   activity.  *See* Experian.com, Glossary of credit terms, http://www.experian.com/consumer/

27   glossary.html#t (last visited July 28, 2006).  Tradeline information includes the name of the
     company reporting balances owed.  *Id.*  Plaintiff does not rebut the contention that Defendant

28   does not appear in any tradelines on her credit reports.

1  as a matter of law on these particular allegations, and summary judgment is granted

2  accordingly.

**4.      Counts 2 and 5 of the First Amended Complaint**

4      In Counts 2 and 5 of her First Amended Complaint, Plaintiff alleges that Defendant

5  obtained a consumer report under false pretenses in violation of 15 U.S.C. §§ 1681n(a)(1)(B)

6  and 1692e(10).  Further, Plaintiff also alleges that Defendant violated 15 U.S.C. § 1681n(b)

7  for knowing non-compliance.  Plaintiff's claim that Defendant obtained a credit report under

8  false pretenses is not supported by any actual evidence of false pretense.  The mere fact that

9  Defendant obtained a credit report is not enough to support violations of 15 U.S.C. §§

10  1681n(a)(1)(B) and 1692e(10).  According to the FCRA, a consumer reporting agency may

11  furnish a consumer report "[t]o a person which it has reason to believe – intends to use the

12  information in connection with . . . collection of an account of[] the consumer."  15 U.S.C.

13  § 1681b(a)(3)(A).  Plaintiff does not present facts to support the allegation that Defendant

14  obtained a report under false pretenses.  According to 15 U.S.C. § 1681b(a)(3)(A), Defendant

15  was permitted to obtain the credit report in connection with collecting the Capital One debt;

16  no false pretenses were necessary.

17      Plaintiff lacks standing to assert a cause of action under 15 U.S.C. § 1681n(b).  Even

18  if Defendant was knowingly non-compliant, the subsection on which Plaintiff relies does not

19  provide relief to the consumer.  Section 1681n(b) of the FCRA provides relief only to a

20  consumer reporting agency.  *See* 15 U.S.C. § 1681n(b) ("Any person who obtains a consumer

21  report . . . under false pretenses or knowingly without a permissible purpose shall be liable

22  to the consumer reporting agency").  Plaintiff is clearly not a consumer reporting agency;

23  therefore, she cannot maintain a cause of action under this subsection.

24      For the reasons stated above, summary judgment must be granted in favor of

25  Defendant.  Plaintiff failed to show that there is a genuine issue of material fact regarding the

26  allegation of false pretenses.  Further, Plaintiff may not recover under 15 U.S.C. § 1681n(b),

27  because Plaintiff is not the proper entity to assert a cause of action under this statute.

28  Therefore, the Court grants summary judgment in favor of Defendant on Counts 2 and 5.

1

### 5.      Count 20 of the First Amended Complaint

2        In Count 20 of her First Amended Complaint, Plaintiff alleges violations under the

3   Arizona Administrative Code, the Arizona Collection Agency Regulations, and the Arizona

4   Fair Credit Reporting Act.  Plaintiff's allegations under the Arizona Administrative Code,

5   paragraphs 106-112, are improper as the Code does not provide relief to individual

6   consumers.  The Arizona Administrative Code allows the Arizona State Banking Department

7   to regulate collection agencies that operate in Arizona.  *See* Ariz. Admin. Code § R20-4-101

8   ("The rules in this Article apply to all activities of the Superintendent and to the

9   interpretation of all Arizona statutes and rules administered by the Superintendent").

10   Plaintiff fails to show that the Arizona Administrative Code creates a private cause of action

11   for alleged failure to maintain proper accounts and records.  Plaintiff also fails to overcome

12   the fact that all of the duties under the Arizona Administrative Code are on the State

13   Superintendent of Banks.  Accordingly, the Court will not find a private cause of action

14   under the Title 20, Chapter 4 of the Arizona Administrative Code.

15        In paragraph 104 of Count 20, Plaintiff claims that Defendant was not licensed in

16   Arizona at the time it was attempting to collect on Plaintiff's account, and therefore, violated

17   Ariz. Rev. Stat. § 32-1055.  In its Motion for Summary Judgment, Defendant attaches a copy

18   of its collection agency licensing certificate for the year 2004 issued by the Arizona State

19   Banking Department.  Plaintiff does not present any evidence to rebut the certificate other

20   than an e-mail inquiry she sent to the Arizona State Banking Department.[5]  Therefore, the

21   Court finds that Defendant was not in violation of Ariz. Rev. Stat. § 32-1055 for failure to

22   be licensed to conduct collection activities in 2004, and no reasonable jury could find

23   otherwise.

24

25

26        [5]  The Arizona State Banking Department, in response to Plaintiff's e-mail, replied,

27   "THEY WERE CLOSED AND REAPPLIED."  (Doc. # 33, Ex. C).  However, Defendant's
license, signed and dated August 12, 2004,  was in effect during the period of the attempted

28   debt collection.  (Doc. # 40, Ex. A).

1        As to paragraph 105 of Count 20, Plaintiff fails to show the existence of a material

2  fact, specifically that Defendant violated Ariz. Rev. Stat. § 32-1051(3).  Plaintiff's allegation

3  that Defendant failed to deal openly, fairly, and honestly refers to a letter sent from Capital

4  One to Blacque Enterprises.  Defendant did not send this letter marked as Exhibit 10 of the

5  First Amended Complaint, and Plaintiff fails to present evidence to the contrary.  As stated

6  above, Defendant presented evidence that it was licensed to conduct collection activities in

7  2004, and that it did not send letters to Plaintiff under the guise of Capital One; therefore,

8  there is no genuine issue for trial in paragraph 105 of Count 20.

9        Further, Plaintiff cannot prevail on her claim that Defendant violated the Arizona

10 Consumer Reporting Act, Ariz. Rev. Stat. § 44-1695(C), in paragraph 113 of Count 20.

11 Plaintiff has not presented evidence of gross negligence or malice with intent to harm on the

12 part of Defendant.  Section 44-1695(C) states that "[a]ny . . . user of information or source

13 of information that is grossly negligent in the use or preparation of a consumer report or who

14 acts willfully and maliciously with intent to harm a consumer is liable to the consumer."

15 Ariz. Rev. Stat. § 44-1695(C).  Plaintiff has failed to present any evidence that Defendant

16 acted with either gross negligence or willful and malicious intent when it placed an inquiry

17 on Plaintiff's credit report; therefore, there is no genuine dispute as to whether Defendant is

18 liable to Plaintiff under Ariz. Rev. Stat. § 44-1695(C).

19       For the reasons stated above, the Court finds that Plaintiff has not come forward with

20 specific facts showing that there is a genuine issue for trial in Count 20.  Plaintiff failed to

21 present evidence of Defendant's alleged violations of Arizona state law.  The Court finds that

22 Plaintiff has not met her burden to defeat Defendant's Motion for Summary Judgment;

23 therefore, judgment is directed in favor of Defendant on Count 20 of the First Amended

24 Complaint.

25

26

27

28

### 6. Paragraphs 29, 30, and 32 of Count 1 of the First Amended Complaint

Defendant moves for summary judgment on paragraphs 29, 30, and 32 of Count 1 of Plaintiff's First Amended Complaint. In paragraph 29, Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692e(12) of the FDCPA by representing itself as a "holder." Defendant contends that it did not represent itself as anything other than a debt collector. In her Response, Plaintiff does not present evidence beyond the bare assertions alleged in her First Amended Complaint. Because Plaintiff fails to come forward with specific facts showing that Defendant misrepresented itself as a "holder" or "holder in due course," the Court grants summary judgment in favor of Defendant on this claim.

In regard to paragraph 30 of Count 1, Plaintiff fails to present genuine issue of material fact to defeat Defendant's Motion for Summary Judgment. Plaintiff alleges that Defendant violated 15 U.S.C. § 1692d(5) of the FDCPA by causing Plaintiff's telephone to ring constantly. Section 1692d(5) states that a debt collector may not cause "a telephone to ring or engag[e] any person in a telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). Defendant attaches its collection notes to the Motion for Summary Judgment as evidence that the debt collector's actions did not rise to the level of annoyance, harassment, or abuse. Defendant's collection notes show three separate discussion with Plaintiff and nineteen telephone calls placed to her house from September to December 2, 2004. Plaintiff does not dispute the accuracy of the collection notes, and agrees that nineteen calls were placed to her house. The Court finds that Defendant placed the calls to resolve the debt, and does not find any evidence of continuous calling with intent to annoy, abuse, or harass.

In her response, Plaintiff cites a North Dakota case for the proposition that even though the calls were not frequent and consistent, the debt collection agency nonetheless violated 15 U.S.C. § 1692d(5). *See Bingham v. Collection Bureau, Inc.*, 505 F. Supp 864, 876 (D.C.N.D. 1981) (finding that the number of calls did not violate § 1692d(5), but rather

1   the content of the calls constituted harassment under § 1692d(5)).  However, the Court finds

2   this case unrelated to Plaintiff's allegation as there is neither evidence that Defendant

3   harassed Plaintiff during the calls, nor does Plaintiff allege any harassment.  Plaintiff, at

4   paragraph 30 of Count 1, alleges only that Defendant violated 15 U.S.C. § 1692d(5) by

5   causing her telephone to ring constantly.[6]  However, Defendant's collection notes do not

6   support this allegation, and Plaintiff does not offer any evidence to the contrary.  The Court

7   finds that no reasonable jury could return a verdict for Plaintiff based on the argument that

8   the nineteen calls between September and December 2, 2004 constitute a violation of 15

9   U.S.C. § 1692d(5).  Summary judgment is granted in favor of Defendant as to paragraph 30

10  of Count 1.

11      In paragraph 32 of Count 1, Plaintiff alleges that Defendant violated 15 U.S.C. §

12  1692c(c) by failing to cease communication.  Section 1692c(c) provides:

13      If a consumer notifies a debt collector in writing that the consumer refuses to
        pay a debt or that the consumer wishes the debt collector cease further
14      communication with the consumer, the debt collector shall not communicate
        further with the consumer with respect to the debt . . . If such notice from the
15      consumer is made by mail, notification shall be complete upon receipt.

16  15 U.S.C. § 1692c(c).  Plaintiff sent a cease and desist letter to Defendant on December 6,

17  2004.  The letter was received by Defendant on December 8, 2004, and upon receipt,

18  Defendant did not contact Plaintiff.  Moreover, Plaintiff does not allege any further contact

19  with Defendant after December 8, 2004.  Therefore, the Court finds that communication

20  ceased in accordance with the statute; therefore, Defendant did not violate 15 U.S.C. §

21  1692c(c).  The Court directs judgment in Defendant's favor as to paragraph 32 of Count 1.

22

23

24      [6] Plaintiff does not appear to have a specific claim against Defendant under 15 U.S.C.
    § 1692d(5).  She argues in her Motion for Partial Summary Judgment (Doc. # 44) that her
25  silence, through unreturned telephone calls and hang-ups, indicated that Defendant should
    have known not contact her.  Further, she implies in her Statement of Facts that Defendant
26  violated 15 U.S.C. § 1692d(5) by calling directory assistance to obtain her unlisted
    residential telephone number.  These allegations do not support a violation of the FDCPA;
27  therefore, judgment in Defendant's favor is appropriate.
28

- 11 -

### 7.    Plaintiff's Prayer for Relief

As concerns Plaintiff's Prayer for Relief in her First Amended Complaint, the Court finds that Plaintiff met the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and properly stated her request for relief.  Under Rule 8, the complaint must contain "a demand for judgment for the relief the pleader seeks."  Fed. R. Civ. P. 8(a)(3). Plaintiff clearly states in her First Amended Complaint that she seeks "damages for defamation of character, as well as, actual and real damages, statutory damages, punitive damages, attorney fees and costs" pursuant to 15 U.S.C. § 1692k(a), the civil liability subsection of the FDCPA.  The Court disagrees with Defendant that Plaintiff has failed to allege damages.  However, in light of the Court granting Defendant's Motion for Summary Judgment, Plaintiff's damages are reduced to the damages available for the remaining cause of action in paragraph 31 of Count 1 of her First Amended Complaint.

### C.    Conclusion

In conclusion, Defendant has met the standard for summary judgment and fulfilled its initial burden.  Aside from her bare assertions that Defendant violated the FDCPA, the FCRA, and related state law claims, Plaintiff fails to come forward with any material issues of fact to defeat summary judgment.  Moreover, the Court finds that 15 U.S.C. §§ 1681s-2(d) and 1681n(b), and Ariz. Admin. Code §§ R20-4-1504 to 1521 do not provide private causes of action; therefore Plaintiff is barred from asserting claims under these statutes.  For the above-stated reasons, the Court grants Defendant's Motion for Summary Judgment in its entirety.  On Counts 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and paragraphs 29, 30, and 32 of Count 1, the Court directs judgment in Defendant's favor. Defendant does not move for summary judgment as to paragraph 31 of Count 1; therefore, the only remaining issue for trial is whether Defendant violated 15 U.S.C. § 1692e(5) by threatening to take legal action that Defendant did not intend to take.

1

### III.    PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

2      On February 28, 2006, Plaintiff filed a Motion for Partial Summary Judgment to find

3   Defendant liable for violations under the FDCPA and related state law claims.  As stated

4   above, summary judgment is appropriate when "there is no genuine issue as to any material

5   fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

6   56(c).  The Court, by this Order, has granted Defendant's Motion for Summary Judgment;

7   therefore the only remaining issue in Plaintiff's Motion for Partial Summary Judgment is

8   whether Defendant violated 15 U.S.C. § 1692e(5) of the FDCPA as alleged in paragraph 31

9   of Count 1 in the First Amended Complaint.  Plaintiff's Motion for Partial Summary

10   Judgment as to the remaining FDCPA and state law claims is denied as moot.

11      In Paragraph 31 of Count 1 of her First Amended Complaint, Plaintiff alleges that

12   Defendant violated 15 U.S.C. § 1692e(5) by threatening to take legal action that Defendant

13   did not intend to take.  Section 1692e(5) of the FDCPA makes it unlawful for a debt collector

14   to threaten "to take any action that cannot legally be taken or that is not intended to be

15   taken."  15 U.S.C. § 1692e(5).  Failure to comply with the FDCPA may result in civil

16   liability under  15 U.S.C. § 1692k(a).

17      In its Opposition to Plaintiff's Motion for Partial Summary Judgment, Defendant

18   submits the affidavit of Carletta Shaw.  Ms. Shaw, an employee of Defendant, contacted

19   Plaintiff on December 1, 2004 when the alleged threat of legal action was made to Plaintiff.

20   In her affidavit, Ms. Shaw denies telling Plaintiff that her account would be litigated if

21   unpaid, and further denies threatening, either directly or implicitly, that nonpayment of

22   Plaintiff's debt would result in legal or judicial action.  Defendant has clearly come forward

23   with evidence to rebut Plaintiff's allegation, and satisfied its burden under the summary

24   judgment standard.  Accordingly, the Court finds there is a genuine dispute of material fact,

25   and denies Plaintiff's Motion for Partial Summary Judgment.

26

27

28

## IV.    DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

In its Opposition to Plaintiff's Motion for Partial Summary Judgment, Defendant filed the pending Cross-Motion for Summary Judgment.  Defendant cross-moves on the issue of whether the debt is even subject to the FDCPA.  Defendant contends that the debt underlying this litigation is a corporate debt incurred through the use of a credit card issued to Blacque Enterprises; therefore, Plaintiff's claims under the FDCPA are barred.  The FDCPA regulates the actions of debt collectors when collecting debts incurred "primarily for personal, family, or household purposes."  15 U.S.C. § 1692a(5).

Plaintiff, in her deposition, states that Defendant should not be collecting the debt from her personally "because it was a corporate debt." (Pl.'s Dep. 10:21-22, Mar. 10, 2005). Defendant argues that if this matter arises from a corporate debt, rather than a consumer debt, the FDCPA is inapplicable, and summary judgment should be granted in favor of Defendant. Plaintiff alleges in her Response to Defendant's Cross-Motion that the transactions on the Capital One credit card statements were of a personal nature, and within the FDCPA. However, Plaintiff argues inconsistently that she is not personally responsible for the "alleged business debt." (Doc. # 56, 4:21).

The Court must deny Defendant's Cross-Motion for Summary Judgment, because there is a genuine issue as to whether the debt is of a corporate or personal nature.  This threshold issue, whether the debt is corporate or consumer-related, determines whether Plaintiff can maintain her claim that Defendant violated 15 U.S.C. § 1692e(5) of the FDCPA.

## V.    CONCLUSION

Based on the foregoing,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1     **IT IS ORDERED GRANTING** Defendant's Motion for Summary Judgment (Doc.

2   #29 re-filed at Doc. # 40 (*see* footnote 1)), specifically, the motion is granted as to Counts

3   2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and paragraphs 29, 30, and

4   32 of Count 1 of Plaintiff's First Amended Complaint;[7]

5     **IT IS FURTHER ORDERED DENYING** Plaintiff's Partial Motion for Summary

6   Judgment (Doc. # 44);

7     **IT IS FURTHER ORDERED DENYING** Defendant's Cross-Motion for Summary

8   Judgment (Doc. # 53).

9     DATED this 3rd day of August, 2006.

10

11

12   _____

                James A. Teilborg
13              United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26     [7]   Defendant's Motion should have been styled as a motion for partial summary
     judgment because Defendant did not move for summary judgment with respect to Paragraph
27   31 of Count 1 of Plaintiff's First Amended Complaint.  Because this claim will proceed to
     trial, the Clerk of the Court shall not enter judgment at this time.
28